## No. 834.

### LAMBERT B. CAIN, Liquidator v. SOLOMON LOEB.

The form of certificate to the return of a commission to take testimony is not sacramental, and it is sufficient if it appear in the return, when and where and by what authority the deposition of the particular witness was taken.

An affidavit that the district judge was absent from the parish is sufficient under the law to authorize the parish judge to grant the order of the district judge for taking testimony.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Morgan*, J. *Henry L. Garland* for plaintiff and appellant. *Lewis & Brother, Bailey & Estilette,* for defendant and appellee.

HOWELL, J. This is a suit on a merchant's account, the defense to which is a general denial and the prescription of three and five years.

From a judgment sustaining the plea of prescription the plaintiff has appealed.

A bill of exceptions was taken to the exclusion of the depositions of the plaintiff, on the ground that in the caption of the return to the commissioner the name of Louis Rose is inserted while the answers are those of L. B. Cain, and in the certificate his name is used.

We think the variance immaterial under the circumstances, and that the name of Rose is a clerical error. The commissioner certifies that

Cain v. Loeb.

the answers are those of L. B. Cain, sworn to and signed by him in the presence of the commissioner, and were correctly written down. The form is not sacramental, and it is sufficient if it appear in the return when, where and by what authority the deposition of the particular witness was taken, and this appears in this instance. The deposition should have been received.

A second bill was taken by plaintiff to the exclusion of the deposition of E. L. Golson for want of a legal order of court, the parish judge not being authorized under the affidavit to grant the order of the district judge.

There was an affidavit that the district judge was absent from the parish, which is sufficient under the law.

A third bill was taken to the exclusion of six letters of the defendant on the ground that there was not sufficient proof of their genuineness before being offered.

We think the proof sufficient. The witness Rose stated positively that they were in the handwriting of the defendant and signed by him, and had reference to the indebtedness of the defendant to the plaintiff.

With this evidence, which comes up in the record, the plaintiff has fully made out his case and taken it out of the prescription pleaded.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of defendant $3735 16, with five per cent. interest from first January, 1868, less five hundred dollars paid on sixteenth February, 1870, and costs in both courts.

Rehearing refused.